**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5528

CHARLES TERRENCE BARLOW,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-94-74)

Submitted: May 7, 1996

Decided: May 28, 1996

Before HALL and WILKINS, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sa'ad El-Amin, EL-AMIN & CRAWFORD, P.C., Richmond, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, Janet S.
Reincke, Assistant United States Attorney, Terence P. Malloy, Third
Year Law Student, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pursuant to his guilty plea, Charles Barlow was convicted of possessing with intent to distribute "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988), and 21 U.S.C. § 841(b)(1)(A)(iii) (1988), and of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (West 1976 & Supp. 1996). In this appeal, Barlow exercises the right which he preserved in his plea agreement to challenge the district court's denial of his motion to suppress evidence obtained by police during a search of his apartment. He also challenges the district court's decision to deny his motion for a downward departure under USSG § 5K2.0.*

Barlow contends that the search of his apartment was improper because police entered the apartment through use of a battering ram, without first knocking and announcing their authority and purpose. We have recognized that an exception to the knock and announce requirement arises where officers encounter exigent circumstances such as the imminent threat of danger to police or that evidence will be destroyed. See United States v. Kennedy, 32 F.3d 876, 882 (4th Cir. 1994). We find that there is ample evidence in this case that police reasonably believed that they would have seriously endangered themselves by complying with the knock and announce requirement.

Prior to their execution of a warrant to search Barlow's apartment, police learned from an undisputedly reliable informant that he had seen a quantity of drugs for sale in Barlow's apartment, and that Barlow kept several handguns close to his person for the purpose of protecting himself and the drugs. We have recognized the commonality with which drug distribution involves the presence of firearms. Id.

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

Moreover, although Barlow was not in the apartment at the time the police entered, they reasonably believed that he would be there based on information they received from the informant, including the informant's description of a vehicle which matched the characteristics of a vehicle parked in front of Barlow's apartment at the time of the search. We note that Barlow in fact arrived at the apartment shortly after the search began. Accordingly, we affirm the district court's decision to deny Barlow's motion to suppress.

Barlow also contends that the district court erred by finding that it lacked authority to grant his motion for a downward departure. Barlow's motion was based on the position that the United States Sentencing Commission's recommendation to Congress that it dispense with the 100-to-1 ratio for crack and powder constituted an aggravating or mitigating circumstance not adequately taken into consideration by the Commission in formulating the guidelines, thereby justifying a departure under § 5K2.0. The district court, however, correctly found that it lacked authority to depart based merely on a potential change to the guidelines. See 18 U.S.C.A. § 3553(a)(4) (West Supp. 1995).

Accordingly, the district court's judgment is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3